UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AUSTIN AITKEN, | ) | CASE NO.: 1:07 CV 141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CHILD SUPPORT | ) | MEMORANDUM OF OPINION |
| ENFORCEMENT AGENCY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On January 18, 2007, plaintiff pro se Austin Aitken filed this civil rights action against the Child Support Enforcement Agency ("CSEA"). In the Complaint, Mr. Aitken alleges the defendant denied him due process. He seeks $ 175,000.00 in compensatory damages. Mr. Aitken also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Aitken indicates he was given notice of an administrative child support hearing conducted by CSEA. He claims he was unable to attend the hearing on the date indicated because he had the flu and states that he made various attempts by telephone, fax, and mail to postpone the hearing. He contends that he did send in "an offer for both kids that addressed all parties' concerns." (Compl. at 2.) CSEA did not accept his offer and did not reschedule the administrative hearing. He claims that because the hearing was conducted without him, the resulting child support calculation

is not based on his actual income. Although he does not state this in his pleading, several of the attachments to the Complaint also dispute the accuracy of the arrearage calculation. Mr. Aitken claims this child support obligation has negatively affected his credit report and has made it difficult for him to obtain loan approval. He asserts he was denied the opportunity to be heard in violation of the Due Process Clause. He seeks monetary damages.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." It does not prohibit every deprivation by the state of a person's life, liberty or property. Harris v. City of Akron, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. Id.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As an initial matter, it is not clear whether Mr. Aitken intends to assert a claim for procedural due process, substantive due process, or both. To the extent that he intends to assert a procedural due process claim, it is subject to dismissal. To prevail on a procedural due process claim, the plaintiff must plead and prove either: (1) that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation of property. Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir 1991); see Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983). There is nothing in the amended complaint which suggests Mr. Aitken is challenging an established state procedure, statute or local ordinance. Instead, it appears he is asserting he was deprived of his property due to unauthorized acts of the defendants.

To state a procedural due process claim based upon alleged unauthorized acts of the defendants, the plaintiff must also plead and prove that state remedies for redressing the wrong are inadequate. Macene, 951 F.2d at 706; Vicory, 721 F.2d at 1064. Ohio Revised Code § 3111.81 provides an avenue to object to an administrative support order by bringing an action for the payment of support and provision for the child's health care under § 2151.231 of the Revised Code in the juvenile court or other court with jurisdiction under §§ 2101.022 or 2301.03 of the Revised Code. Mr. Aitken does not allege that this remedy would be inadequate to address his concerns. Absent this allegation, he has not stated a procedural due process claim.

To the extent that Mr. Aitken intended to assert a substantive due process claim, it too is subject to dismissal. There are two types of substantive due process claims. The first type includes claims that involve official acts which are unreasonable, arbitrary and cause a deprivation

of a substantive right specified in the Constitution or a federal statute. Mertik v. Blalock, 983 F.2d 1353,1367 (6th Cir. 1993); Parate v. Isibor, 868 F.2d 821, 831 (6th Cir. 1989).  There is nothing in the Complaint which could indicate he asserted this type of claim.  The other type of substantive due process claim is directed at official acts that "so shock the conscience" that they are unconstitutional regardless of the procedural protections provided.  Parate, 868 F.2d at 832.  A citizen does not suffer a constitutional deprivation every time he is subjected to some form of harassment or unfavorable treatment by a state agent.  Id. at 833.  The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights."  Id.  There are no facts presented in plaintiff's Complaint to suggest the defendant's actions meet this extreme standard.

## Conclusion

Accordingly, Mr. Aitken's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 27, 2007

---

[2]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4